### McFall v. Carroll.

(Decided May 5, 1922.)

### Appeal from Woodford Circuit Court.

1. Landlord and Tenant—Contract to Furnish Housing for Crops—Instructions.—Where the issue was whether a landlord had complied with his contract to furnish necessary barn room in which to house tobacco, it was not prejudicial error to instruct the jury that it was plaintiff's duty to furnish "a proper and suitable barn room," since the use of the article "a," though perhaps inappropriate, can not be considered as having misled the jury. The other instructions examined in the opinion and found, when considered together, to present with substantial accuracy the issues involved.

2. Contracts—Damages.—It is the duty of plaintiff, seeking damages for the violation of a contract, to do whatever is reasonably necessary to minimize his damages, although it would require the doing of something not contemplated by the contract, but the question is waived if defendant fails to insist upon it by offering an instruction submitting it.

WALLACE & HARRIS for appellant.

H. A. SCHOBERTH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action, filed in the Woodford circuit court by appellee and plaintiff below, M. C. Carroll, against appellant, Charles D. McFall, and his brother, B. F. McFall, seeks the recovery of a judgment against defendants for damages in the sum of $700.00 because of an alleged violation of a rental contract whereby defendants leased to

plaintiff ten acres of land to be cultivated in tobacco and thirty acres to be cultivated in corn in the year 1918. The contract was in writing, and in it, defendants, among other things, agreed "to furnish all sticks and necessary barn room to house and cure the tobacco in," for which they were to receive one-half of the crop. Plaintiff alleged that defendants violated the contract by failing and refusing to furnish the necessary barn room for the housing of the tobacco by reason of which it was injured and he was damaged in the sum sued for. The answer denied the grounds of recovery and by counterclaim asserted damages against plaintiff for the same sum because of an alleged violation of the rental contract relating to the growing and cultivation of the corn crop. A reply denied the averments of the counterclaim and upon trial there was a verdict in favor of plaintiff for the full amount sued for, upon which judgment was rendered. The motion for a new trial was overruled, followed by this appeal by the defendant, Charles D. McFall only. A reversal is sought upon the two grounds that (1) the verdict is flagrantly against the evidence, and (2) error in the instructions to the jury, which we will dispose of in the order named.

1. Plaintiff testified, and it was admitted by defendants, that when the tobacco was cut the barn, which defendants had constructed in which to house it, was only half covered. The tobacco was housed in it while in that condition and several rains fell before the roof was finished, resulting in its serious damage. It was also proven, and not denied, that the barn when finished had no openings for ventilation and that it was so constructed as to permit water to stand in it, both of which conditions, as shown by the proof, greatly impair the value of tobacco housed therein. It further appears that plaintiff's crop of tobacco when put into the barn, with the exception of a small portion that was slightly frost-bitten on the top leaves, was fully equal in quality and value to the average crop in that community, and defendants make no complaint of the method and manner of its cultivation, nor of its handling, except they say that some of it was rained on before it was housed, but which plaintiff denies. It is further shown by uncontradicted testimony that plaintiff sold his tobacco for an average of a little more than 32 cents per pound when the same class of tobacco grown in the same community brought from 50 to 55 cents per pound. Counsel for defendants admit

the injury to the tobacco, but claim that it brought the average price on the Lexington market for that year, which, however, furnishes no criterion by which the rights of plaintiff are to be adjudged, since he was entitled to receive for his tobacco its reasonable market value according to its quality and not the average price for all tobacco that was sold on the market during the entire season. This proposition is axiomatic and needs no argument to substantiate it. We, therefore, conclude that there was abundant testimony to support the verdict.

2. Under this ground earnest criticism is made of instruction number 1, which requires the jury to believe that defendants "failed or refused to furnish plaintiff a proper and suitable barn room in which to house the crop of tobacco raised by plaintiff." The objection is to the use of the article "a" in the quotation, it being insisted that it was tantamount to saying to the jury that defendants agreed to absolutely furnish some *particular* barn room in which to house the tobacco. We do not think the instruction susceptible to that construction even if the point was material, which we do not think is true. If we should concede, that the instruction was grammatically incorrect by including the article "a," we are not prepared to say that the jury was misled thereby.

It is next insisted under this ground that the instructions as a whole authorized a recovery for all the injury to the tobacco, including that produced by the frost and by rains before it was taken from the field (which defendants contend was a fact), as well as that resulting from insufficient barn room. However, we do not so construe them. The first one, after setting out the quotation above, says: "and that as a result of this failure, if any," etc. And instruction number 3 fixes the measure of damages "as set out in instruction number 1." It will thus be seen that the two instructions when read together limit the recovery for only the damages resulting from a failure to furnish barn room as defendants agreed in the contract.

If defendants desired to obtain the benefit of plaintiff's failure, if any, to accept other barn room, which appellant testified was offered him, but which, it is admitted, did not come within the purview of the terms of the contract, an instruction covering the point should have been offered. It is a well settled rule that a party to a violated contract must do what ordinary and reasonable prudence dictates to minimize his damages, and this

although it would require of him something not included in the contract. There was testimony in the case introduced by defendants to the effect that they tendered other barn room to plaintiff, but which it is manifest was not such as was contemplated by the contract. Nevertheless, it was perhaps the duty of plaintiff, under the rule, *supra,* to accept it and charge defendants with the resultant extra expense and trouble, but since no instruction was offered by defendants covering this phase of the case they are in no position to complain.

Finding no error in the judgment prejudicial to the substantial rights of appellant, it is affirmed.